The opinion of
Bbbvabd, J.,
was form, d w'ithin a few days after the motion was submitted, substantially as follow's. It has been objected, that the provision in the statute, which' affords the culprit an election to bo transported beyond the seas, is incompatible with the situation of tilt.-, ¡state, and the nature of its government ; and, therefore, that the statute must be considered 'impracticable in its execution, inoperative, and null. This objection to the impracticability of executing'the provision of the statute applies, l conceive, to those provisions only, which are impracticable in tlieir execution, arid not to those which are practicable. The legislature which adopted the statute must have been aware of the provision in it, which gives to the convict an election to be transported to one of the plantations. Thai body probably looked forward to some future legislative act, which would provide for the execution of those parts of the adopted English statutes, which, at the time of tlieir adop. tion, were either incompatible with the situation of the country, or dtd not admit'of practicable execution, conformably to the intention of the makers of those statutes. But,:at any rate, the legislature iu adopting those English statutes, and making them of force here) has carefully guarded against any construction, in the application of them, which would have the effect of rendering any material part of them - inoperative, or null, unless such a construction should be absolutely necessary. In the present case it is not necessary to declare the whole stam'e impracticable, and null. The particular provision to which the objection applies, is not necessarily so connected with the other parts of the statute, as that one cannot take effect, or be carried into execution, without the other. The last section of the act of assembly of 1712, declares, that the statutes *442 therein enumerated shall be put in execution as to the substantial parts of them. It_ may be that the legislature did not intend this saloo for the particular case under consideration, but the Same construction would, 1 conceive, take place, if no such provision were made. It necessarily results from the nature of the case, and the general rules of legal construction. An established rule in the construction of statutes is, that they shall be so expounded as to give to them all the effect of which they are susceptible, according to the apparent intent of the makers .of them, and so as to prevent .their being eluded, if it be possible. Repeals, by implication of law, are not favored, because, it is said, they cast a reflection on the wisdom of the legislature. 11 Co. 63. 10 Mod. 118. Plowd. 466,13,88. Co. Litt. 24. Bac. Abr. “Statutes.”
My opinion is, that the judgment of the District Court ought to be supported, and the motion rejected.